UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 00-CV-945 MJD/JGL

STEPHEN M. RUSSELL, KIRK M. LARSON and DON C. WHITAKER, on behalf of themselves and all others Similarly Situated,

Plaintiffs,

vs.

SPANLINK COMMUNICATIONS, INC., SPANLINK ACQUISITIONS CORP., BRETT A. SHOCKLEY, LOREN A. SINGER, JR., AND TODD A. PARENTEAU,

Defendants.

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, the Settling Defendants and the Named Plaintiffs in this Litigation have applied for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, preliminarily approving a proposed settlement of the Litigation in accordance with the Settlement Agreement dated April 6, 2001 ("Settlement" or 'Settlement Agreement");[1] and

WHEREAS, the Court, having considered the files and records in these proceedings, including the Settlement Agreement and the exhibits thereto, and having adopted all defined terms therein, and being fully advised on the premises, and

WHEREAS, the parties having consented to entry of this Order,

[1] The definitions contained in the Settlement Agreement are hereby incorporated into this Order by this reference.

2024997v3

FILED MAY 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IT IS HEREBY ORDERED that:

1. A hearing (the "Fairness Hearing") will be held before this Court on ____________, 2001, at _____ __.m. in Courtroom _____ of the United States District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota 55415, to determine whether this Court should approve the fairness, reasonableness, and adequacy of: (a) the terms and conditions of the Settlement Agreement; (b) certification of the Settlement Class conditionally certified for settlement purposes; (c) the proposed Plan of Distribution; and (d) an award of counsel's fees and reimbursement of expenses to Plaintiffs' Counsel. Plaintiffs' Co-Lead Counsel shall file and serve an application for an award of attorneys' fees, costs, and disbursements before the Fairness Hearing or any adjournment thereof.

2. Within twenty business days from the date of this Order, Plaintiffs will cause a Notice of Class Action Settlement and Hearing (the "Notice"), substantially in the form attached to the Settlement Agreement as Exhibit B, and a Proof of Claim and Release Form (the "Proof of Claim"), substantially in the form attached to the Settlement Agreement as Exhibit C, to be mailed by first class mail, postage prepaid, to each person whose identity and address can reasonably be determined or that has been determined from the records of Spanlink or its agents or other entities as a Class member, and within thirty business days from the date of this order will cause a Summary Notice of Class Action Settlement and Hearing (the "Summary Notice"), substantially in the form annexed to the Settlement Agreement as Exhibit D, to be published once over the Business Wire for national release.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies, for purposes of effectuating this Settlement, a Settlement Class as defined

in the Settlement Agreement (the "Settlement Class"), excluding those persons who timely and validly request exclusion from the Settlement Class.

4. With respect to the Settlement Class, this Court finds and concludes that (a) the members of the class are so numerous that joinder of all class members in the Action is impracticable; (b) there are questions of law and fact common to the class which predominate over any individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the class; (d) the Named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court preliminarily approves: (1) the Proposed Settlement and (2) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, or the fairness and adequacy of their representation by Plaintiffs' Counsel, and to show cause, if any exists, why a final judgment dismissing the Action based on the Settlement should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

6. The Court approves the form of the Notice, the Proof of Claim, and the Summary Notice and finds that the mailing, distribution, and publication of such notices substantially in the

manner and form set forth in Paragraph 2 of this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and will constitute due and sufficient notice to all persons entitled thereto. The Court further authorizes Plaintiffs' Co-Lead Counsel to expend prior to the Effective Date, without further order of the Court, up to $25,000 of the Settlement Fund for costs of identifying Settlement Class Members, printing and giving notice to the Settlement Class, processing claims and related administration expenses of the Settlement Fund.

7. Plaintiffs' Co-Lead Counsel or their designee shall furnish, upon the request of any nominee, copies of the Notice and Proof of Claim for mailing to beneficial owners of Spanlink common stock. In those cases where a nominee purchased, sold, tendered or otherwise disposed of Spanlink common stock during the Class Period, Plaintiffs' Co-Lead Counsel or their designee shall, upon receipt of said list, cause to be mailed a copy of the Notice and Proof of Claim to each person on said list. Plaintiffs' Co-Lead Counsel shall offer to reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, with respect to expenses which would not have been incurred but for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation, and such persons may be reimbursed for such reasonable out-of-pocket expenses, subject to review by the Court.

8. A Settlement Class Member who files a request for exclusion in the manner set forth in the Notice by [ten days before the fairness hearing], 2001 will be excluded from the Settlement Class by the Court and will be free to pursue on his own behalf and at his own expense any rights he may have, but will not participate in the Settlement. Any Settlement Class Member who has not properly or timely filed a request for exclusion will be included in the

Settlement Class and upon any approval of the Settlement will be bound by such Settlement and any judgment rendered in connection therewith.

9. Any Settlement Class Member who has not requested exclusion from the Settlement Class may appear personally, or by counsel of his own choice and at his own expense, at the Fairness Hearing to show cause why: (a) the Proposed Settlement and Plan of Distribution should or should not be approved as fair, reasonable, and adequate; (b) a judgment should or should not be entered thereon; or (c) Plaintiffs' Counsel should or should not be awarded attorneys' fees, costs, and disbursements as requested. Persons desiring to be heard or entitled to contest the approval of any of the foregoing or other matters that may be considered by the Court at or in connection with the Fairness Hearing shall, on or before ten (10) days before the Fairness Hearing, serve by hand or first-class mail proof of membership in the class and written objections and copies of any supporting papers and briefs upon both of Plaintiffs' Co-Lead Counsel:

I. Stephen Rabin
Rabin & Peckel LLP
275 Madison Avenue
New York, NY 10016

and

Robert C. Schubert
Schubert & Reed LLP
Two Embarcadero Center
Suite 1050
San Francisco, CA 94111

and upon Spanlink Defendants' Counsel:

Todd A. Noteboom
Leonard, Street and Deinard, P.A.
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402

and upon the State Court Action Defendants' Counsel:

Timothy Scallen
Oppenheimer, Wolff & Donnelly
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, MN 55402

and file said objections, papers, and briefs, showing due proof of service upon said Plaintiffs' Co-Lead Counsel and Defendants' Counsel, with the Clerk of the United States District Court for the District of Minnesota, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

Any member of the Class who does not object in the manner provided herein will be deemed to have waived such objection and will forever be foreclosed from making any objection to the (a) fairness, adequacy, or reasonableness of the Settlement; and (b) the fee application.

10. To be entitled to a distribution from the Settlement Fund (as provided in the Settlement), a member of the Settlement Class who has not requested exclusion therefrom must submit a Proof of Claim in the manner set forth in Paragraph 11 below. Any Settlement Class Member who does not submit a Proof of Claim in the manner set forth in Paragraph 11 below will not be entitled to share in the Settlement Fund, but nonetheless will be barred and enjoined from asserting any of the claims that have been or might have been asserted in this Action.

11. Proofs of Claim and Releases will be submitted in accordance with the following procedures and conditions:

a. A Proof of Claim must be submitted 60 days from the date of the Notice, unless such date is extended for good cause shown. Any Member of the Settlement Class who fails to submit the required Proof of Claim within such period or such extended period will be precluded from receiving payment pursuant to the Settlement, but will in all other respects be subject to the provisions of the Settlement. A Proof of Claim will be submitted for purposes of the Settlement when deposited in a United States Postal Service box postage prepaid and addressed to the post office box address designated in the Notice. If a Proof of Claim contains incomplete or inadequate documentation, Plaintiffs' Counsel shall

provide the Settlement Class Member with an opportunity to substantiate such claim by providing further documentation or information within a reasonable time of notification of the defect(s) in the proof of claim.

b. By filing a Proof of Claim, each claimant thereby submits to the jurisdiction of the Court for purposes of necessary discovery and the review of such claim.

12. Plaintiffs' Co-Lead Counsel and the Settlement Administrator will be responsible for processing all Proofs of Claim and administering the Settlement, subject to review by the Court.

13. The Court expressly reserves its right to adjourn the Fairness Hearing or any adjournment thereof without any further notice other than an announcement in open court on the date and time set for the Fairness Hearing or any adjournment thereof and to approve the Settlement with modifications agreed to by the parties and without further notice to members of the Settlement Class. The Court retains jurisdiction over this Action to consider all further applications arising out of or connected with the Settlement.

14. Pending the final determination of the fairness, reasonableness, and adequacy of the Settlement, no Settlement Class Member may institute or commence any claim that has been or could have been asserted in this Action or any other claim arising out of or in any way related to any acts, facts, transactions, omissions, or other subject matter set forth, alleged, embraced, or otherwise referred to in the Action herein.

15. The Settlement is not an admission or indication by Defendants of the validity of any claims asserted in this Action or of any wrongdoing by them or of any liability of them or any violation of law, and is not a concession, and shall not be used as an admission or indication with respect to any claim of any wrongdoing, fault, or omission by Defendants or any other person in connection with any transaction or occurrence or any statement, release, or written document issued, filed, or made; and neither this Order nor the Settlement nor any related

document, proceeding, or action, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement.

16. Plaintiffs' Co-Lead Counsel may retain and, subject to Court review, pay reasonable compensation to FRG Information Systems Inc., as Settlement Administrator, to mail the Settlement Notice to the Settlement Class, identify and locate Settlement Class Members, and administer claims. At or before the Fairness Hearing, Plaintiffs' Co-Lead Counsel shall file proof, by affidavit, of such mailings and publication. The expenses of such notices and publication shall be paid in accordance with the Settlement.

17. Plaintiffs' Co-Lead Counsel are authorized to act on behalf of the members of the Class with respect to all acts or consents required by or that may be given pursuant to the Settlement or such other acts that are reasonably necessary to consummate the Settlement.

18. The Exhibits attached to the Settlement Agreement filed with the Court are incorporated herein as though set forth in this Order.

Dated: May 14, 2001

Michael J. Davis
The Honorable Michael J. Davis
United States District Court