UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 00-CV-945 MJD/JGL

STEPHEN M. RUSSELL, KIRK M. LARSON and DON C. WHITAKER, on behalf of themselves and all others Similarly Situated,

Plaintiffs,

vs.

SPANLINK COMMUNICATIONS, INC., SPANLINK ACQUISITIONS CORP., BRETT A. SHOCKLEY, LOREN A. SINGER, JR., AND TODD A. PARENTEAU,

Defendants.

## ORDER FOR FINAL JUDGMENT

WHEREAS, the definitions contained in the Settlement Agreement are hereby incorporated by reference into this Order;

WHEREAS, the Named Plaintiffs in the above-described class action litigation and the Settling Defendants entered into a Settlement Agreement, dated April 6, 2001 (the "Settlement Agreement");

WHEREAS, the Court has preliminarily ordered that, for purposes of this Settlement, the above-referenced action shall proceed as a class action with the following certified Settlement Class:

A. All Persons who purchased or sold Spanlink common stock during the period February 29, 2000 through April 12, 2000, inclusive ("Settlement Class Period")

FILED SEP 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP 10 2001
DEPUTY CLERK

or who tendered their shares in the Tender Offer or who otherwise had their shares purchased or acquired by Spanlink Acquisition Corp.

1. Excluded from the Settlement Class are:

   a. any Person who has filed a valid and timely request for exclusion from the Settlement Class;

   b. the Settling Defendants;

   c. the officers and directors of Spanlink;

   d. members of the families of the Settling Defendants and of the officers and directors of Spanlink;

   e. entities that the Settling Defendants or any of the officers and directors of Spanlink control or with whom they are affiliated.

2. In the event that any members of the Settlement Class purchased or held shares of Spanlink common stock as a trustee for or on behalf of a trust, the trust itself (acting through the trustee) will be the class member. The parties to the Settlement Agreement may treat the trustee as the person authorized to act on behalf of the trust for all purposes relevant to this Settlement Agreement.

WHEREAS, on May 16, 2001, the Court entered an Order Preliminarily Approving Settlement in which the Court, inter alia; (1) preliminarily determined that, for purposes of the Settlement only, the Litigation could proceed as a class action pursuant to Rules 23(a)(1) and 23(b)(3) of the Federal Rules of Civil Procedure, with the class certified as described above; (2) preliminarily approved the Settlement; (3) approved the forms and methods of Notice of the

Settlement to Settlement Class Members; (4) directed that appropriate notice of the Settlement be given to the Settlement Class; and (5) set a hearing date for final approval of the Settlement;

WHEREAS, a Notice of Class Action Settlement and Hearing (the "Notice") was mailed to Settlement Class Members on June 6, 2001, and a Summary Notice of Hearing on Proposed Class Action Settlement (the "Summary Notice") was published on June 13, 2001, over the Business Wire for national distribution;

WHEREAS, on September 7, 2001, the United States District Court, District of Minnesota, held a hearing (the "Settlement Hearing") on whether the Settlement was fair, reasonable, adequate, and in the best interests of the Settlement Class; and

WHEREAS, based on the foregoing, having heard the statements and reviewed the submissions of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having considered all of the files, records, and proceedings in this Litigation, and being fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

A. This Court has jurisdiction over the subject matter of the Litigation.

B. The Court orders that the Litigation shall proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and certifies the Settlement Class as defined in the Settlement Agreement.

C. The form, content and method of dissemination of the Notice and Summary Notice was adequate and reasonable and constituted the best notice practicable under the circumstances, and complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure and all requirements of constitutional due process.

D. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class, and it shall be consummated in accordance with the terms of the Settlement Agreement.

E. The Plan of Allocation for distributing the Net Settlement Fund set forth in the Class Notice is hereby approved.

F. Plaintiffs' Counsel shall be awarded attorneys' fees in the amount of $ 177,375.00 and reimbursement of expenses in the amount of $ 21,310.19. Plaintiffs' Co-Lead Counsel shall jointly apportion this award to each of Plaintiffs' Counsel in a fair and equitable manner. No distribution of such fees and expenses shall be made except upon the joint, written instructions of Plaintiffs' Co-Lead Counsel.

G. The Settling Class Members, and all and each of them, are hereby bound by the terms of the settlement set forth in the Settlement Agreement.

H. Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice on the merits and without costs (except as provided herein) to any party as against any other party.

I. All Settling Class Members, whether or not they have submitted a Proof of Claim and Release Form, on behalf of themselves, their beneficiaries, agents, heirs, successors, assigns, executors, and administrators, are hereby conclusively deemed on the Effective Date, to have:

1. released and forever discharged each and all of the Defendant Releasees from any and all of the Released Claims, whether asserted or unasserted, and whether pending in litigation, arbitration, or any other forum;

2. waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of any statute or law which might otherwise render a general release unenforceable with respect to Unknown Claims against the Defendant Releasees;

3. released all Defendant Releasees without regard to the identity of those particular Defendant Releasees responsible for payment of the Settlement Amount;

4. released and forever discharged all claims against Potential Defendants, agreed to credit any judgment against Potential Defendants, and agreed to be barred from recovering from Potential Defendants, to the extent of the greater of:

   a. the proportion or percentage of liability or damages to the Settling Class Members equal to the proportion or percentage of causal fault or causal responsibility, if any, for which the Defendant Releasees are hereafter at trial or otherwise determined to be responsible; or

   b. the proportion or percentage of damages, if any, which shall hereafter by trial or otherwise be determined to be damages which Potential Defendants would have been entitled to recover from the Defendant Releasees as a result of claims, if any, for contribution, indemnification or reimbursement, however denominated, arising under federal or state law, including those based in tort, contract or statute, or any other legal theory, which claims:

(1) arise from or relate to the Settling Class Members' investment in shares of Spanlink common stock; or

(2) arise from or relate to any claim by the Settling Class Members arising out of, relating to, or in any way connected with any Released Claim, or which, if the Potential Defendant were a Defendant Releasee, would constitute a Released Claim; and

J. All Settling Class Members are hereby directed to dismiss with prejudice, within ten (10) business days following the Effective Date, any and all lawsuits, arbitration claims and other actions or proceedings outstanding against the Defendant Releasees arising out of, based on, or related to the Released Claims.

K. All Settling Class Members are hereby permanently enjoined and barred from instituting, asserting, or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which the Settling Class Members, or any of them, had, have or may in the future have against the Defendants Releasees, or any of them, arising out of, based upon or otherwise related to the Released Claims.

L. Settling Defendants have denied, and continue to deny, each and all of the claims and allegations made in the Litigation, and the Settlement Agreement should not be construed as proof of guilt or an admission of liability. Consistent with that principle and the policies underlying Rule 408 of the Federal Rules of Evidence and subject to the limitations set forth below, no Settling Class Member, Defendant Releasee or other person or entity shall use or offer the Settlement

Agreement, its exhibits or any documents, negotiations or proceedings related thereto, as evidence in any proceeding in any forum except to the extent permitted by the terms of the Settlement Agreement. Provided, however, that the Settlement Agreement or its exhibits may be used to enforce the terms and conditions thereof against the parties to the Settlement Agreement and may be disclosed by the Defendant Releasees for tax purposes, insurance purposes, accounting purposes and other purposes not inconsistent with the purposes of the Settlement Agreement.

M. The Court hereby approves the creation of the Settlement Fund as defined in the Settlement Agreement and established by virtue of the Escrow Agreement, referenced therein. The Court hereby appoints Rabin & Peckel LLP as the "Escrow Agent" and The Spanlink Communications Inc. Settlement Fund as the Depository of the Settlement Fund.

N. The Court hereby retains and reserves jurisdiction over:

1. implementation of the Settlement and any distribution to Settling Class Members pursuant to further order of this Court;

2. the Settlement Fund and the Escrow Agent and Depository;

3. the Litigation, until (1) the Effective Date contemplated by the Settlement Agreement and (2) each and every act agreed to be performed by the parties to the Settlement Agreement shall have been performed pursuant to the Settlement Agreement, including the related Exhibits; and

4. all parties to the Settlement Agreement and all Settling Class Members, for the purpose of enforcing and administering the Settlement Agreement and this settlement.

O. An appeal from this Order for Final Judgment shall postpone the Effective Date as set forth in the Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: Sept. 7, 2001

BY THE COURT:

The Honorable Michael J. Davis
United States District Court Judge