**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STEPHEN M . RUSSELL, KIRK M. LARSON, AND DON WHITAKER, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

SPANLINK COMMUNICATIONS, INC., SPANLINK ACQUISITION CORP., BRETT A. SHOCKLEY, LOREN A. SINGER, JR., and TODD PARENTEAU,

Defendants.

Civil File No.
00-CV-945 MJD/JGL

**ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUND AND PAYMENT OF SETTLEMENT ADMINISTRATION EXPENSES**

**AND NOW,** this 1st day of Nov., 2001, upon Plaintiffs' Motion for an Order Approving Distribution of the Net Settlement Fund and Payment of Settlement Administration Expenses, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** as follows:

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in Exhibit A to the Declaration of Francisco R. Garzon, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in

NOV 01 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Exhibit B to the Declaration of Francisco R. Garzon are hereby approved, and said claims are hereby rejected; and it is further

**ORDERED**, that FRG Information Systems, Inc. be paid the sum of $20,848.31 from the Settlement Fund for its fees and in reimbursement of its expenses incurred and to be incurred in connection with the administration and disbursement of the Net Settlement Fund; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the authorized claimants listed on the computer printout submitted with the Declaration of Francisco R. Garzon in proportion to the Recognized Claim allocable to each such authorized claimant as shown on such printout; and it is further

**ORDERED**, that the checks for distribution to the authorized claimants shall bear the notation "CASH PROMPTLY, VOID 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check within said time; and it is further

**ORDERED**, that the costs of such services to locate claimants and reissue checks to such claimants be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims filed herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further

claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to the Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper of hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Amount to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Amount to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after the date hereof may be accepted for any reason whatsoever.

BY THE COURT:

Dated: Nov. 1, 2001

United States District Court Judge